IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| | § § | |
| MOBILE DESTINATION, INC. | § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Morgan Davis. As alleged with greater particularity in paragraphs 13-26 below, Mobile Destination, Inc., discriminated against Mr. Davis, in violation of the ADA, by failing to hire him for a retail sales position at its Porter, Texas, location. Although Mr. Davis applied for the position, was interviewed for the position, and had been offered the position by the District Manager, Defendant's upper management refused to approve the hiring of Mr. Davis because he uses a wheelchair.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42

1

U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      Defendant Mobile Destination, Inc., is a Texas corporation.  At all relevant times, Mobile Destination has been doing business in the State of Texas and the community of Porter, and has continuously had at least 15 employees.  Mobile Destination currently has over 100 employees.  Mobile Destination may be served by serving its registered agent for service of process, Rene Chavarria, 3511 Broadmoor, Nacogdoches, TX 75965.

5.      At all relevant times, Defendant Mobile Destination has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant Mobile Destination has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Morgan Davis filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Mobile Destination.

8. On May 15, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On April 7, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation, advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. On or about November 2013, Defendant Mobile Destination engaged in unlawful employment practices at its Porter, Texas, Verizon Wireless store, in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.

12. Morgan Davis is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Mr. Davis has an impairment. For the past 10 years, Mr. Davis has been paralyzed from the waist down. His impairment substantially limits major life activities.

13. Around October 2013, Morgan Davis applied for a retail sales position at the Verizon Wireless store in Porter, Texas. At the time he applied, Mr. Davis had been working as a sales associate at the Home Depot in Porter for over three (3) years.

14. Defendant Mobile Destination, Inc., describes itself as a "Verizon Wireless Premium Retailer." Defendant operates approximately thirty (30) Verizon Wireless stores in Texas, including the location in Porter.

15. Around November 7, 2013, at the request of District Manager Kevin Lacy, Defendant's Recruiter (Ms. Torres) set up interviews at Defendant's Porter store. Seeking to fill two (2) positions, Mr. Lacy and Ms. Torres interviewed approximately five (5) candidates. After the interviews, Mr. Lacy and Ms. Torres decided upon the top two candidates, one of whom was Mr. Davis. Lacy directed Torres to extend a job offer to Davis.

16. About a week later, around November 15, Ms. Torres contacted Mr. Davis to obtain information necessary for a pre-employment background check. Mr. Davis passed the background check and the pre-employment drug test administered to him. Around November 19, 2013, District Manager Lacy instructed Torres to formally offer the full-time sales associate position to Mr. Davis. The position paid $9/hour, plus commissions.

17. Lacy wanted Davis to start work the week of Thanksgiving 2013.

18. A few days after the position had been offered to Davis, Torres called Lacy and told him that Defendant would not follow through on the job offer to Davis. Torres explained to District Manager Lacy that Defendant's Chief Financial Officer/HR Manager/Vice-President, Maria Chavarria, stated that Defendant would not hire Davis because he was in a wheelchair.

19. District Manager Lacy contacted Ms. Chavarria and asked her directly why Defendant was not following through on its offer to hire Mr. Davis, since Davis had passed the

4

drug screen and the background check. Chavarria told Lacy that the reason was Davis's wheelchair, and that she "did not want to have to spend any money on retrofitting the store."

20. Lacy reminded Chavarria that the store should have been built to ADA compliance, and that during the job interview, Davis's wheelchair fit through the doorways without any problem, and that Davis had used the store restroom without any problems. Chavarria retorted that "the real reason" she didn't want Davis working there was because she didn't want people to have to step around his wheelchair when the store got busy.

21. Lacy advised Chavarria that she "was setting Mobile Destination up for liability and that we had already made an offer that we should stand by and [Davis] was indeed the correct candidate for the job."

22. In response to her District Manager's advice that Defendant should both follow the law and honor its word, Chavarria stated "This is my company and I have the right to hire whoever I want! I said that this kid isn't going to be hired and that's all there is to it. Don't answer his calls if he calls you. And if he comes into the store, just tell him that we promoted from within."

23. When Mr. Davis called the corporate office to try to learn when his start date would be, he was told that Defendant could not find him in its system. When he went to the Porter store, he similarly was told that he couldn't be located in the system.

24. In January 2014, after Lacy's employment with Defendant had ended, Lacy contacted Mr. Davis and explained to him that Chavarria vetoed the hiring because Davis was disabled.

25. The effect of the practices complained of in paragraphs 13-24 above has been to deprive Morgan Davis of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his disability.

26. Since at least November 2013, Defendant has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. Defendant admitted during the EEOC's administrative investigation that it failed to retain a copy of at least one of the applications submitted for the position for which Mr. Davis applied. Defendant also failed to preserve or retain copies of any interview notes taken by District Manager Lacy.

27. The unlawful employment practices complained of in paragraphs 13-26 above were intentional.

28. The unlawful employment practices complained of in paragraphs 19-24 above were done with malice or with reckless indifference to the federally protected rights of Morgan Davis.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Mobile Destination, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to hire employees with disabilities because of their disabilities, and specifically from discriminating against applicants who use wheelchairs.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to make whole Morgan Davis, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Morgan Davis, or, in the alternative, front pay.

      D.      Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

      E.      Order Defendant to make whole Morgan Davis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-26 above, including job search expenses and medical expenses, in amounts to be determined at trial.

      F.      Order Defendant to make whole Morgan Davis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-26 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      G.      Order Defendant to pay Morgan Davis punitive damages for its malicious and reckless conduct, as described in paragraphs 19-24 above, in amounts to be determined at trial.

      H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.	Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

        P. David Lopez
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        Jim Sacher
        Regional Attorney

        Rose Adewale-Mendes
        Supervisory Trial Attorney

        __/s/_Timothy_M._Bowne_____
        Timothy M. Bowne
        Senior Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 00793371
        Southern Dist. of Texas No. 20023
        Equal Employment Opportunity Commission
        1919 Smith Street, Suite 600
        Houston, Texas 77002
        (713) 651-4914
        (713) 651-7995 [facsimile]
        timothy.bowne@eeoc.gov